IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABDIWAHAB MOHAMED HUSSEIN,

                        Plaintiff,

v.                                                OPINION and ORDER

WARDEN CHRIS BUESGEN,                       22-cv-391-jdp

                        Defendant.

---

Plaintiff Abdiwahab Mohamed Hussein, appearing pro se, is an inmate at Stanley Correctional Institution (SCI). Hussein alleges that prison staff mistreated him and sexually harassed or assaulted him in 2019 and 2022. The court has already allowed Hussein to proceed with this case in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Hussein's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Hussein cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure. I will give him a chance to amend his complaint.

ANALYSIS

Hussein alleges that in June 2019 he was "subject to torture, terrorism and sexual harassment . . . because of [his] race, color, ethnicity, class, familial status, background, religion, and disability." Dkt. 1, at 2. He states that while he was placed in the restricted housing unit, staff used "something called the fire house where they can run a heat underground" the cells, *id.*, although he doesn't explain how that harmed him. Staff's mistreatment caused him to urinate on himself three times. Then in April 2022, staff again sexually assaulted him.

There are two fundamental problems with Hussein's complaint. First, it appears that he is trying to bring at least two sets of claims—one about prison officials mistreating him in 2019 and another about officials mistreating him in 2022—and there is no indication that the same officials are responsible for both types of claims. These allegations likely violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Second, it is unclear exactly how many different interactions are included in the current lawsuit because Hussein's allegations are too vague and he doesn't properly name defendants for his claims. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules

2

is fair notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Hussein wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Hussein uses broad terms like "torture," "terrorism," and "sexual harassment" but he doesn't explain what he means by using those words, and he doesn't explain why he thinks that defendants meant to discriminate him when they mistreated him. Hussein also doesn't explain who is responsible for violating his rights. Hussein names only SCI Warden Chris Buesgen as a defendant in the caption of the complaint, but he does not allege that Buesgen was directly involved in any of the alleged misconduct. He then provides a list of several staffers who he says were involved in the events but he does not explain what role any of those individuals had in any of the events in either 2019 or 2022.

I will give Hussein a short time to amend his allegations to state claims against individual defendants and to explain whether this case needs to be split into more than one lawsuit. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Hussein should name all of the individuals that he wishes to sue in the caption of the complaint, and then state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. If Hussein's amended allegations make clear that he want to bring claims about more than one set of incidents, he should choose which set of incidents he wishes to bring in this lawsuit. If Hussein does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Abdiwahab Mohamed Hussein's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until September 28, 2022, to submit a new complaint that complies with Rules 18 and 20.

Entered September 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge