IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABDIWAHAB MOHAMED HUSSEIN,

                            Plaintiff,

        v.                                                          OPINION and ORDER

MICHAEL DENK, MATTHEW PRICE,                                        22-cv-391-jdp
JEREMY VAIT, and ERNEST SCHILLING,

                            Defendants.

---

Plaintiff Abdiwahab Mohamed Hussein, without counsel, is currently incarcerated at the Wisconsin Resource Center. Hussein alleges that in June and July 2019, when he was at Stanley Correctional Institution, prison staff physically restrained him, forced him to drink a substance that caused him to shake and vomit, forced blood draws, made him sit in a shower for a prolonged period of time, berated him with insults, left him to sit in a urine-soaked smock, and suggested that he kill himself. I granted Hussein leave to proceed on claims under the First and Eighth Amendments to the United States Constitution. Dkt. 15.

Defendants move for summary judgment on exhaustion grounds. Dkt. 20. Hussein asks the court to appoint him an attorney and an interpreter, Dkts. 24 and 25, and he has responded to the exhaustion motion, Dkt. 29.

## A.  Hussein's motions for appointment of counsel and interpreter

In his motions, Hussein cites authorities concerning the appointment of attorneys and interpreters in criminal proceedings. But this is a civil case that Hussein voluntarily brought himself; there is no right to either court-appointed counsel or an interpreter. I will deny his motion for appointment of an interpreter. I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656

(7th Cir. 2007) (en banc). To show that it is appropriate for the court to recruit counsel, a plaintiff must (1) show that he cannot afford a lawyer, (2) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (3) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *See, e.g., Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Hussein qualifies from a financial perspective, but he does not explain whether he has reached out to lawyers to take his case, and I am not convinced that the case is too complex for him to litigate, particularly at this early stage. At the preliminary pretrial conference he explained that he is limited in English (his native language is Maay Maay), but he has gotten help from another prisoner, and his filings in this case do not suggest that his abilities are below those of the hundreds of plaintiffs who bring cases in this court each year without the aid of counsel. I will deny his motion for recruitment of counsel without prejudice, meaning that he can ask again later. But in any later request, he will have to explain what litigation tasks he cannot perform himself.

## B. Defendants' motion for summary judgment

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules

require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants state that they've reviewed Hussein's inmate grievance history and he didn't file any grievances addressing the events discussed in his complaint. Hussein responded by citing five grievances that he filed in 2020 and 2022, well after the June and July 2019 assaults underlying his claims in this case. My review of those grievances shows that none of them concern the 2019 assaults.

However, inmates are required to exhaust only those administrative remedies that are actually available. *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy provided by policy may be unavailable in practice if an inmate cannot use it. *Id.* If jail staff are unwilling to provide relief to inmates who file grievances, or if they mislead, intimidate, or otherwise interfere with inmates who attempt to file grievances, that behavior can render an administrative remedy unavailable. *Id.* at 643–44.

In his amended complaint, Hussein explicitly stated that defendants threatened to harm him if he filed a grievance:

> I've also been threatened with retaliations if I choose to file any kind of grievance against these individuals, I fear for my safety and wellbeing by pursuing this matter, but I'm more concerned about the escalation of their assaults if I do nothing.

3

Dkt. 11, at 2. So although Hussein doesn't include the retaliation issue in his summary judgment opposition—instead focusing on 2020 and 2022 grievances that do not exhaust his claims here—it is clear from his amended complaint that he believes that administrative remedies were not available to him because of the threats of retaliation by people whom he is already alleging tortured him multiple times.

In their brief-in-chief, defendants attempt to head off an argument that the grievance system was unavailable to Hussein in 2019. Defendants argue that this allegation about potential retaliation is not plausible given the context of his other allegations. They state that aspects of Hussein's claims are too fantastical to plausibly state claims for relief, including his allegations that defendants placed him in an extremely hot room called the "fire house," forced him to urinate "gallons" on himself and "changed his sexual orientation." Defendants argue, "Taken into consideration with the other facts alleged in, and left out of, his complaints, it is not plausible that he was (a) threatened with retaliation, (b) so frightened of the retaliation he took no action, and (c) after three years of no additional incidents, was so frightened by potential escalation that he overcame that fear of retaliation and filed this lawsuit." Dkt. 21, at 9.

Arguments about the plausibility of a plaintiff's allegations are usually brought in a motion to dismiss or motion for reconsideration of the court's screening order. In any event, I do not agree with this characterization of Hussein's allegations. Most of the aspects of Hussein's allegations that defendants find fantastical come from his original complaint, which I dismissed as being vague and perhaps violating Federal Rule of Civil Procedure 20. *See* Dkt. 5. Hussein's amended complaint contains equally disturbing but more grounded descriptions of the alleged verbal and physical torture inflicted upon him by defendants. I have already

screened Hussein's amended complaint and concluded that he stated plausible claims for relief. Nothing in defendants' motion persuades me that I was incorrect in doing so.

Ultimately, I take defendants' point to be that Hussein's claims in general are fantastical, which makes his allegation that he was threatened with retaliation if he were to file a grievance fantastical as well. But this is really an argument that Hussein's statement about the threat of retaliation isn't *credible*. Credibility arguments can be resolved in exhaustion motions by holding an evidentiary hearing, but such a hearing is necessary only if defendants first properly put material facts into dispute. Defendants haven't done that here; they adduce no evidence contradicting Hussein's account about the threat of retaliation, such as declarations from defendants stating that they did not threaten him. Without that evidence, defendants have failed in their burden to show that Hussein's administrative remedies were available to him, so I will deny their motion for summary judgment.

ORDER

IT IS ORDERED that:

1.  Plaintiff Abdiwahab Mohamed Hussein's motion for appointment of an interpreter, Dkt. 24, is DENIED.

2.  Plaintiff's motion for recruitment of counsel, Dkt. 25, is DENIED without prejudice.

3.  Defendants' motion for summary judgment on exhaustion grounds, Dkt. 20, is DENIED.

Entered February 21, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge