IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABDIWAHAB MOHAMED HUSSEIN,

    Plaintiff,

v.

MICHAEL DENK, MATTHEW PRICE,
JEREMY VAIT, and ERNEST SCHILLING,

    Defendants.

ORDER

22-cv-391-jdp

---

Plaintiff Abdiwahab Mohamed Hussein, proceeding without counsel, is currently incarcerated at the Wisconsin Resource Center. Hussein alleges that in June and July 2019, when he was at Stanley Correctional Institution, prison staff physically restrained him, forced him to drink a substance that caused him to shake and vomit, forced blood draws, made him sit in a shower for a prolonged period of time, berated him with insults, left him to sit in a urine-soaked smock, and suggested that he kill himself. I granted Hussein leave to proceed on claims under the First and Eighth Amendments to the United States Constitution. Dkt. 15. Defendants seek reconsideration of my order denying their motion for summary judgment on exhaustion grounds. Dkt. 34.

In their original motion, defendants argued that Hussein didn't file any grievances about the alleged assaults in question. Dkt. 20. Hussein responded by citing five grievances that he filed in 2020 and 2022 that did not relate to the alleged 2019 assaults. Nonetheless, I denied defendants' motion because in his amended complaint Hussein explicitly stated that defendants threatened to harm him if he filed a grievance:

> I've also been threatened with retaliations if I choose to file any
> kind of grievance against these individuals, I fear for my safety

>and wellbeing by pursuing this matter, but I'm more concerned
>about the escalation of their assaults if I do nothing.

Dkt. 11, at 2. I denied defendants' motion because they didn't present any evidence attempting to dispute Hussein's statement. Dkt. 33, at 4. In their motion for reconsideration, defendants note that Hussein's statement is unverified—he didn't state under penalty of perjury that the allegations in his complaint were true—and that his statement is too vague for them to reasonably attempt to dispute. Dkt. 34, at 4 (citing *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) ("He argues that he was deterred from filing the grievance by "fear of reprisal." . . . Without some specification of what the plaintiff's fear was based on, the defendants could not prepare a response; and so the grant of summary judgment was proper.")). Hussein did not file a brief opposing defendants' motion for reconsideration.

    Defendants' argument is well taken and I will grant their motion for reconsideration. Rather than rely on Hussein's vague, unsworn statement from his amended complaint, I will give him a chance to submit admissible evidence explaining the threats that he received. Hussein should submit a declaration, sworn under penalty of perjury, explaining who threatened him, what they said to threaten him, and when these threats occurred. Should Hussein fail to respond to this order, I will grant defendants' motion for summary judgment and dismiss the case.

    Defendants have also filed a motion to stay the expert-disclosure and dispositive-motions deadline, Dkt. 35, which I will grant.

ORDER

IT IS ORDERED that:

1. Defendants' motion for reconsideration of the court's order denying their exhaustion-based summary judgment motion, Dkt. 34, is GRANTED.

2. Defendants' motion to stay the expert-disclosure and dispositive-motions deadlines, Dkt. 35, is GRANTED.

3. Plaintiff Abdiwahab Mohamed Hussein may have until September 3, 2024, to submit a declaration responding to this order as described above. Defendants may have until September 13, 2024, to file a summary judgment reply.

Entered August 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge