IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABDIWAHAB MOHAMED HUSSEIN,

    Plaintiff,

v.                                                                                                   ORDER

MICHAEL DENK, MATTHEW PRICE,                            22-cv-391-jdp
JEREMY VAIT, and ERNEST SCHILLING,

    Defendants.

---

Plaintiff Abdiwahab Mohamed Hussein, proceeding without counsel, is incarcerated at Stanley Correctional Institution. Hussein alleges that in June and July 2019, when he was at Stanley Correctional Institution, prison staff physically restrained him, forced him to drink a substance that caused him to shake and vomit, forced blood draws, made him sit in a shower for a prolonged period of time, berated him with insults, left him to sit in a urine-soaked smock, and suggested that he kill himself. I granted Hussein leave to proceed on claims under the First and Eighth Amendments to the United States Constitution. Dkt. 15. This opinion concerns defendants' motion for summary judgment on exhaustion grounds. Dkt. 20.

Defendants argued that they were entitled to summary judgment because Hussein didn't file any grievances about the alleged assaults in question. Hussein responded by citing five grievances that he filed in 2020 and 2022 that did not relate to the alleged 2019 assaults. Nonetheless, I denied defendants' motion because in his amended complaint Hussein explicitly stated that defendants threatened to harm him if he filed a grievance:

> I've also been threatened with retaliations if I choose to file any kind of grievance against these individuals, I fear for my safety and wellbeing by pursuing this matter, but I'm more concerned about the escalation of their assaults if I do nothing.

Dkt. 11, at 2. I denied defendants' motion because they didn't present any evidence attempting to dispute Hussein's statement. Dkt. 33, at 4. In their motion for reconsideration, defendants note that Hussein's statement is unverified—he didn't state under penalty of perjury that the allegations in his complaint were true—and that his statement is too vague for them to reasonably attempt to dispute. Dkt. 34, at 4 (citing *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) ("He argues that he was deterred from filing the grievance by "fear of reprisal." . . . Without some specification of what the plaintiff's fear was based on, the defendants could not prepare a response; and so the grant of summary judgment was proper.")). I granted defendants' motion for reconsideration and ordered Hussein to submit admissible evidence explaining the threats that he received. Dkt. 36.

Hussein has responded by submitting an affidavit restating his allegations about three incidents in which he says that he was tortured and interrogated, each time "ending with stern threats that I had better not try to file any grievance of any kind or I'd really pay a horrible price worse that the ones I [was] currently paying." Dkt. 39, at 2.

In reply, defendants argue that Hussein's account is "clearly irrational delusions," Dkt. 42, at 2, they submit declarations denying Hussein's account, and they explain various reasons why the events could not have unfolded as Hussein describes, such as that there are no rooms with heated floors as Hussein describes (although they concede that the incidents occurred on days with high temperatures ranging from 79 to 90 degrees), and that for each of the three dates that Hussein stets that the incidents occurred, not every one of the defendants was working that day. In arguing that Hussein's allegations are fantastical they also refer in part to allegations in his original complaint that defendants placed him in an extremely hot

2

room called the "fire house," forced him to urinate "gallons" on himself and "changed his sexual orientation."

But as I explained in my previous order denying defendants' summary judgment motion, Hussein's operative complaint contains more grounded descriptions of the alleged verbal and physical torture inflicted upon him by defendants than was contained in his original complaint. I've already granted Hussein leave to proceed on his claims because I do not find his underlying allegations to be fantastical on their face. And in any event the question before me is whether defendants intimidated Hussein out of attempting to file a grievance about the incidents. I cannot rule as a matter of law that Hussein's underlying allegations about being tortured mean that his allegations about being threatened are incredible. And although defendants dispute various aspects of Hussein's version of events, that too isn't a reason to find his allegations of being threatened incredible as a matter of law.

Rather, the way to resolve the parties' dispute about exhaustion is with an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). I will direct the clerk of court to schedule a hearing at the courthouse. The parties should provide a list of any witnesses that they intend to call in advance. The parties should provide any further evidence that they intend to use in advance of the hearing. Hussein should also consider whether there are any witnesses who can corroborate his version of events. He should refer to the attachments to the court's preliminary pretrial conference order, Dkt. 27, for guidance on how to call witnesses to appear at the hearing.

Defendants have also filed a motion to stay the remaining schedule pending resolution of the exhaustion issue. Dkt. 48. I will grant that motion. A new schedule will be set should the case survive defendants' exhaustion-based summary judgment motion.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set an in-person hearing to resolve the factual dispute over exhaustion of plaintiff's administrative remedies. Both sides have until November 26, 2024, to submit their witness lists and submit any additional evidence.

2. Defendants' motion to stay the schedule, Dkt. 48, is GRANTED. The current schedule, including the trial date, is STRUCK.

Entered November 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge